UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL C. LEADBETTER and
JoELLEN E. TEUSCH,
                                )
    Plaintiffs,                      )
                                )
    v.                              )    CAUSE NO.   1: 06cv285
                                )
CITY OF FORT WAYNE,        )
                                )
    Defendant.                  )

## MEMORANDUM and ORDER

This matter is before the Court on the Motion of the Defendant that seeks to strike the *pro se* Plaintiffs' motion for summary judgment or alternatively, asks for an extension of time to respond to that motion.  Since it is apparent that the motion for summary judgment was filed prematurely, and otherwise does not comply with Local Rule 56.1(a), it and its supporting materials will be stricken and the Defendant's motion will be GRANTED.

Broadly stated, the Defendant's motion to strike essentially raises two complaints about the motion for summary judgment filed by the *pro se* Plaintiffs on September 29, 2006: 1) the motion is premature given that the Plaintiffs were only allowed to proceed in *in forma pauperis* status on September 19, 2006, and thus the time to respond to their amended complaint, filed September 15, 2006, has not even passed; and 2) the motion for summary judgment cannot be responded to, given its cryptic assertions and lack of compliance with the local rules.

The motion for summary judgment may very well be premature since such a motion cannot be filed, as Federal Rule of Civil Procedure 56(a) declares, until "after the expiration of 20 days from the commencement of the action . . . [.]"  One possible argument is that the earliest

this action could have commenced within the meaning of Federal Rule of Civil Procedure 3 was September 15, 2006, the date the Plaintiffs filed their amended complaint, making the filing of the motion for summary judgment some 14 days later premature as a matter of law.[1]

More fundamentally, however, the motion for summary judgment completely fails to comply with Local Rule 56.1(a); the motion is missing, for example, any "Statement of Material Facts," a supporting brief or even a recitation of the relief sought.  The closest the Plaintiffs come to any sort of argument is the assertion that they are entitled to judgment based on the Defendant's purported violations of two criminal statutes. Those statutes, however, do not provide a private cause of action for civil liability.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis of a civil suit.); *Lerch v Boyer*, 929 F. Supp. 319, 322 (N.D. Ind 1996) (same).

The Plaintiffs' gross violation of Local Rule 56.1 compels the Court to strike the motion for summary judgment. *Wanty v. Messerli & Kramer, P.A.*, 2006 WL 2691076, at * 3 (E.D. Wis. Sept. 19, 2006).  Although the Court could give the Plaintiffs an opportunity to amend their motion, it is apparent that the Defendant intends to file a motion to dismiss within the very near future, and if that motion is denied, intends to conduct some discovery tailored, at least in part, to ascertaining the basis for the Plaintiffs' legal claims.  Given the lengthy assertions in the amended complaint, and the unclear legal and factual basis for any relief, such a course of action is likely to bring the current litigation into sharper focus.

---

[1] The Plaintiffs' original complaint was constructively filed on August 15, 2006, along with the two respective Motion[s] for Leave to Proceed *in forma pauperis*. On August 22, 2006, however, the Court denied the two motions to proceed *in forma pauperis* and gave the Plaintiffs until September 15, 2006, to file additional IFP petitions as well as an amended complaint.  The amended complaint was filed on September 15, 2006, and on September 19, 2006, the Plaintiffs were granted leave to proceed in forma pauperis.

Consequently, the Defendant's Motion to Strike the Plaintiffs' Motion for Summary Judgment is GRANTED.  The Court is not, by this ruling, prohibiting the Plaintiffs from filing a timely and proper motion for summary judgment, one that complies with the Federal Rules of Civil Procedure and this Court's Local Rules.

Enter: November 9, 2006

<u>S/Roger B. Cosbey</u>
Roger B. Cosbey
United States Magistrate Judge
