UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL C. LEADBETTER and | ) | |
| JoELLEN E. TEUSCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-285-TS |
| | ) | |
| CITY OF FORT WAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**A.     Background**

This matter is before the Court on the Defendant's motion to dismiss the Amended Complaint and to the Plaintiffs leave to file a Second Amended Complaint. The Defendant asserts that both the Amended Complaint and the proposed Second Amended Complaint contradict the requirements of Federal Rule of Civil Procedure 8(a)(2) & (e)(1) for brevity, plainness, and simplicity. The Defendant claims that it is unable to decipher the nature of the Plaintiffs' claims and cannot reasonably submit an answer. It compares this Complaint to the one in *Carroll v. Dowling*, 2006 WL 2990420 (N.D. Ind. October 19, 2006), which the court dismissed for failure to comply with Rule 8. The Plaintiffs did not respond to the Defendant's motion.

The Plaintiffs' Amended Complaint is thirty-six pages long. It contains two enumerated sections. The first is titled "Cause of Action" and contains three pages, divided into multiple paragraphs. The section contains multiple factual allegations. The second section consists of a twenty-seven page narrative in which the Plaintiffs recount events spanning two years. From the

scattered allegations, the Court deduces that the Plaintiffs believe that their rights under the Fourth Amendment to the U.S. Constitution have been violated by the Defendant's police officers and city code enforcers. Although one cannot discern with certainty, it appears that the Plaintiffs protest the officers' intrusion upon their living spaces, a detention of one of the Plaintiffs, and a temporary confiscation of an automobile. The Plaintiffs may have intended to set out other claims, but the Court will not speculate.

The Second Amended Complaint is an improvement on the first one. The Cause of Action section has been broken up into multiple claims enumerated A through AA. Each claim has a cross-reference to the paragraphs in the Statement of Facts, which set out the details of the alleged wrongs. The length of the Complaint has been reduced to thirty-two pages. The Court is able to discern that the Plaintiffs are accusing the Defendant of violating their Fourth Amendment rights.

**B.    Standard for Pleadings**

Federal Rule 8(a) requires that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(e) further provides that "each averment of a pleading shall be simple, concise, and direct." *Id*. "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller § 1217, at 169 (2d ed.1990)). Rule 41(b) permits the court to dismiss a claim or the entire action "for failure of the plaintiff . . . to comply with [the Federal Rules of Civil Procedure]."

**C.**     **Discussion**

The Court agrees the Defendant may have difficulty in answering the Plaintiffs' Amended Complaint. Apparently, the Plaintiffs have conceded this as well and, as a result of "a sudden epiphany of knowledge" (DE 36 at 2.), attempted to clarify their pleading by filing the Second Amended Complaint. As the Second Amended Complaint would supercede the Amended Complaint, the Court looks to the former to determine if it complies with Rule 8.

Giving deference to the Plaintiffs' pro se status, *see Greer v. Bd. of Ed. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001) ("[W]e liberally construe the pleadings of individuals who proceed pro se."), the Court finds that the Second Amended Complaint adequately outlines their claims. Although they are many and some of them possibly contain no federal cause of action, they are sufficiently clear as to their contents. At least three of them (and the corresponding factual sections) appear to state § 1983 claims for violations of the Plaintiffs' Fourth Amendment rights. *See* §§ L, O, & T.

The Plaintiffs' Second Amended Complaint is not like the Complaint in *Carroll v. Dowling*, 2006 WL 2990420 (N.D. Ind. October 19, 2006). That complaint was truly "a confusing mishmash of disjointed allegations and random musings" that went on for fifty-four pages. *Id.* at *2. Not so the Second Amended Complaint. While it is not a model of clarity, it is not so deficient as to prohibit the Defendant's meaningful answer, and its dismissal would be a harsh and unnecessary sanction.

Accordingly, the Plaintiffs' Second Amended Complaint will not be stricken. The Plaintiffs' motion for leave file the Second Amended Complaint is granted [DE 36]. Insofar as the Defendant's motion requests dismissal of the Amended Complaint, it is moot [DE 34 & DE

39]; in so far as it requests the Court to deny the Plaintiffs leave to file Second Amended Complaint, the motion is denied [DE 39].

The Defendant must answer the Second Amended Complaint or file other responsive pleading by June 4, 2007.

SO ORDERED on May 3, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT