UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL C. LEADBETTER, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>CITY OF FORT WAYNE, )<br>)<br>    Defendant. ) | CAUSE NO.  1:06-CV-285 |

## OPINION AND ORDER

Before the Court are eleven motions each entitled "A Motion Under Rule 45, Subpoena" filed by *pro se* Plaintiff JoEllen Teusch, who is proceeding *in forma pauperis*.[1]  In her Motions, Teusch requests that the Court order the "[s]ubpoena and requisition" of certain documents from the following non-parties: the Indiana Bureau of Motor Vehicles (Docket # 60), the Indiana Family and Social Services Administration (Docket # 62), Northern Indiana Public Service Company (NIPSCO) (Docket # 65), Three Rivers Federal Credit Union (Docket # 66), Verizon (Docket # 67, 68), Wayne Township Trustee (Docket # 71), Nelnet Incorporated (Docket # 72), Internal Revenue Service (Docket # 73), General Services Administration, (Docket # 74), and Community Action of Northeast Indiana Incorporated (Docket # 75).  For the following reasons, Teusch's Motions will be DENIED.

Federal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges afforded under 42 U.S.C. § 1915 for the purpose of

---

[1] Teusch filed three additional motions with the same title (Docket # 61, 63, 64), requesting that the Court order the "[s]ubpoena and requisition" of certain documents from various divisions of the Defendant City of Fort Wayne; these motions will be addressed by the Court in a separate order.

preventing abuse of the court's process and harassment of both parties and non-parties. *See, e.g.*, *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992) (citing *Estep v. United States*, 251 F.2d 579 (5th Cir. 1958)); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citing *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 606 (D.D.C. 1969)). "This power authorizes the Court to review indigent parties' subpoenae *duces tecum* before service and to order the Marshals Service to reject service requests in certain circumstances." *Jackson*, 1992 WL 404537, at *5; *see also Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985); *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980).

"The decision of courts exercising inherent supervisory power over *in forma pauperis* subpoenae generally discuss factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case (*e.g.*, whether the requested information is merely cumulative of evidence already in hand or is available in a manner less oppressive to the subpoenaed party)." *Jackson*, 1992 WL 404537, at *6; *see, e.g.*, *Tuvalu v. Woodford*, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006); *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *Coleman v. St. Vincent DePaul Soc'y*, 144 F.R.D. 92, 96 (E.D. Wis. 1992). "[A] court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Jackson*, 1992 WL 404537, at *5; *see also Badman*, 139 F.R.D. at 605.

Here, it is clear that Teusch's eleven requested subpoenas may abuse the Court's process. First, it is questionable whether service of many of the proposed subpoenas could even be effectuated, as Teusch failed to identify an address for six of the eleven proposed subpoena

2

recipients. (*See, e.g.*, Docket # 60 ("The Plaintiffs are not certain and do not know of the address where such requests should be rendered other than the exactingly identifiable institutional name or title. . . .").)

Furthermore, on this record it appears that Teusch could obtain some of her requested documents through less oppressive means. *See Jackson*, 1992 WL 404537, at *6. For example, it seems that Teusch could simply request a copy of her desired telephone records from Verizon, her utilities records from NIPSCO, and her past bank account transfers from Three Rivers Federal Credit Union, rather than employing a subpoena. Apparently, Teusch is trying to avoid being subjected to copying costs through her *in forma pauperis* status, as she has stated as much in each of her Motions (*see, e.g.*, Docket # 60 ("[Plaintiffs] do not have the means or capability to afford for fees, searching, copying, or mailing of the subject documents.")); however, it is clear that she cannot shift the cost of obtaining this discovery to the Court or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman*, 139 F.R.D. at 604-06; *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

Moreover, if Teusch files a motion to compel, or if the subpoenaed parties object to her subpoenas, the Court may condition that order upon her advancing the copying costs for those

documents.[2] *See Tuvalu*, 2006 WL 3201096, at *5 ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1) and by the court's duty to ensure that subpoena does not impose undue burden or expense on a person subject to that subpoena." (internal quotation marks and citation omitted)); *Jackson*, 1992 WL 404537, at *6; *Badman*, 139 F.R.D. at 605.  It is utterly clear here, however, that Teusch has made absolutely no provision for the cost of her requested discovery.  Consequently, "[i]t would be a wasteful and frivolous expenditure of the Court's and the Marshals Service's time and resources to issue and serve such subpoenae [since Teusch] has not made provision for [her] share of those costs beforehand." *Jackson*, 1992 WL 404537, at *6.

As a result, each of Teusch's eleven motions entitled "A Motion Under Rule 45, Subpoena" seeking documents from non-parties (Docket # 60, 62, 65-68, 71-75) is hereby DENIED.  Teusch is, however, granted leave to re-file any of her requests, providing the name and complete address of the proposed subpoena recipient, describing the information she seeks and explaining why it would be relevant to her case, and stating the reasons (other than her financial situation) why she cannot obtain the information from the proposed subpoena recipient through less oppressive means.

SO ORDERED.

Entered this 10th day of August, 2007.

                                               /S/ Roger B. Cosbey
                                               Roger B. Cosbey,
                                               United States Magistrate Judge

---

[2] Indeed, although Teusch was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, nothing in that statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman*, 139 F.R.D. at 605-06; *Vickers v. Blackwell*, No. 3:91-CV-440RM, 1993 WL 243858, at *1 (N.D. Ind. July 2, 1993); *McAleese v. Owens*, No. 3:CV-88-1669, 1991 WL 329930, at *5 (W.D. Pa. Dec. 5, 1991).