UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MICHAEL C. LEADBETTER, et al.,** )<br>  )<br>   **Plaintiffs,** )<br>  )<br>   v. )<br>  )<br> **CITY OF FORT WAYNE,** )<br>  )<br>   **Defendant.** ) | CAUSE NO.  1:06-CV-285 |

## OPINION AND ORDER

Before the Court is a motion entitled "A Rule 60 Motion for the Relief from Judgement or Order" (Docket # 79) filed by *pro se* Plaintiff JoEllen Teusch, who is proceeding *in forma pauperis.* In her Motion, Teusch "demand[s] relief from the scheduling order of July 31st, 2007." (A Rule 60 Mot. for the Relief from J. or Order at 3.)  For the reasons set forth herein, Teusch's Motion will be denied.

At the scheduling conference held on July 31, 2007, the Court advised the parties and stated in its docket entry that a status report with suggested scheduling deadlines was to be submitted by the parties on or before August 6, 2007. (Docket # 56.)  Defendant submitted its report on August 7, 2007 (Docket # 69); however, Plaintiffs failed to submit a proposed pretrial schedule.  On August 9, 2007, the Court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16(b), establishing the following deadlines: September 12, 2007, for any amendments to the pleadings by Plaintiffs, and September 24, 2007, for any amendments to the pleadings by Defendant; October 1, 2007, for Plaintiffs' expert witness disclosures and reports

and October 15, 2007, for Defendant's expert witness disclosures and reports; November 1, 2007, for discovery; and November 30, 2007, for dispositive motions. (Docket # 76.)

Teusch now contends that "[t]he Plaintiffs were unaware that the deadlines regarding the Pretrial Schedule were due on August 6th, 2007 . . . ." and thus requests relief from such deadlines under Federal Rule of Civil Procedure 60(b). (A Rule 60 Mot. for the Relief from J. or Order at 2.)  Indeed, Rule 60(b)(1) allows the Court to vacate an order based upon "mistake, inadvertence, surprise, or excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(1)); *see also Castro v. Bd. of Educ. of City of Chicago*, 214 F.3d 932, 934 (7th Cir. 2000).  However, here the Court's July 31 docket entry clearly reflects that a status report with suggested scheduling deadlines was due on or before August 6.  Thus, apparently Teusch was simply inattentive to the docket.[1]

Mere inattentiveness to litigation, however, is not excusable. *See Easley*, 382 F.3d at 698 ("Missing a filing deadline because of slumber is fatal."); *see also Suarez v. Town of Ogden Dunes*, 2:05-CV-264 PS, 2006 WL 2982107, at *4 (N.D. Ind. Oct. 17, 2006) ("Plaintiff[s'] . . . failure to monitor the litigation they initiated is . . . inexcusable."); *United States v. Manville Sales Corp*., No. 88 C 630, 2005 WL 526695, at *2 (N.D. Ill. Mar. 2, 2005) ("A Rule 60(b) motion does not allow a party to undo its own procedural failures.").  Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) (internal quotation marks and

---

[1] Moreover, the record reflects that the deadline was established in open court with Teusch present.  Of course, if Teusch was unclear as to the deadline or what it meant, she could have brought that to the attention of the Court before the hearing was adjourned. *See Easley*, 382 F.3d at 697 (emphasizing when denying plaintiff's Rule 60(b)(1) motion that if plaintiff's counsel thought the court's order regarding pretrial deadlines was ambiguous or confusing, he could have asked the court for clarification of the order).

citation omitted).  Here, Teusch fails to present any "exceptional circumstances" that would justify her request for relief under Rule 60(b), and thus her Motion will be denied.

Moreover, even if Teusch's Motion was liberally interpreted as a motion to amend the schedule established on August 9, 2007, for good cause, perhaps due to this Court's August 10th denial of her fourteen motions for subpoena (*see* Docket # 77, 78), the Court on this record still cannot provide her with any relief.  Not only does Teusch fail to specifically assert that good cause exists to warrant an extension of the deadlines but she utterly fails to suggest *how* the deadlines should be amended. *See generally Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) ("Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired."); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Thus, for the foregoing reasons, Teusch's Rule 60 Motion (Docket # 79) is hereby DENIED.  If Teusch still desires relief from the deadlines established on August 9, 2007, she may file on or before August 21, 2007, a motion to amend the schedule for good cause pursuant to Federal Rule of Civil Procedure 16(b), articulating the bases for her requested relief and setting forth suggested amended deadlines.

SO ORDERED.

Entered this 16th day of August, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3