UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MICHAEL C. LEADBETTER, et al.,**  ) | |
| ) | |
| **Plaintiffs,**  ) | |
| ) | |
| v.  ) | **CAUSE NO.  1:06-CV-285** |
| ) | |
| **CITY OF FORT WAYNE,**  ) | |
| ) | |
| **Defendant.**  ) | |

## OPINION AND ORDER

Before the Court are three motions filed by *pro se* Plaintiff JoEllen Teusch: (1) Motion for Misjoinder and Non-Joinder of Plaintiffs Under Rule 21 (Docket # 52), as supplemented (Docket # 53); (2) Motion for an Extension of Time (Docket # 82); and (3) Third Amended Complaint (Docket # 83) and its appendix (Docket # 84), which the Court deems to be a motion requesting leave to file a third amended complaint.  For the following reasons, Teusch's motion to sever will be DENIED, her Motion for an Extension of Time will be GRANTED, and her motion requesting leave to file a third amended complaint will be deemed WITHDRAWN upon her filing of a revised motion and amended complaint in accordance with this Order.

### *Motion for Misjoinder and Non-Joinder of Plaintiffs*

Though difficult to decipher, in her Motion for Misjoinder and Non-Joinder of Plaintiffs Under Rule 21 (as supplemented), Teusch seemingly requests that the Court (1) sever her claims from those of *pro se* Plaintiff Michael Leadbetter under Federal Rule of Civil Procedure 21 and (2) grant her leave to add her minor children as plaintiffs in this action.  Defendant was directed to file a response to Plaintiffs' motion to sever (*see* Docket # 56); however, no response was filed.

While Federal Rule of Civil Procedure 21 provides that a claim may be severed and proceeded with separately, the determination of whether to sever is "committed to the broad discretion of the trial judge." *Bennett v. Sch. Dirs. of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996). "In deciding whether severance is appropriate, a court should consider the convenience and fairness to parties as well as the claim's separability in logic and law. A court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Id.* (internal citations omitted); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985); *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985); *see also* Fed. R. Civ. P. 42(b) ("The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. . . .").

Here, Teusch and Leadbetter filed this action together and thus apparently had the same claims both logically and legally at the outset of this case. *See Bennett*, 1996 WL 495555, at *2. Furthermore, while Teusch claims that "[c]onflicts have arisen between the Plaintiffs" (Docket # 52), she has failed to describe any circumstances that would like result in inconvenience, unfairness, or prejudice to Plaintiffs if their claims are not severed. Moreover, severing Plaintiffs' claims at this juncture will not "facilitate the prompt and efficient disposition" of this action but instead would merely delay this suit and create duplicate proceedings. *See Bennett*, 1996 WL 495555, at *2. Thus, Teusch's plea for the Court to sever Plaintiffs' claims is unpersuasive. Of course, if Leadbetter desires to dismiss his claims in this case so that Teusch may proceed individually, he may file a motion to do so; however, until the Court properly dismisses his claims, Leadbetter will remain a Plaintiff in this action.

2

Furthermore, Teusch's effort to add her minor children as plaintiffs in this suit (*see* Docket # 53) is futile.  Even if Teusch were proceeding as her children's "next friend" in accordance with Federal Rule of Civil Procedure 17(c), she still could not bring this suit on her children's behalf without legal counsel.  "Although a parent has a right to litigate claims on [her] own behalf without an attorney, [she] cannot litigate the claims of [her] children unless [she] obtains counsel." *Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993); *see Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149, (7th Cir. 2001) (collecting cases); *Cheung v. Youth Orchestra Found. of Buffalo*, Inc., 906 F.2d 59, 61 (2nd Cir. 1990) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").

Consequently, Teusch's Motion for Misjoinder and Non-Joinder of Plaintiffs, together with its supplement, will be denied.

### *Motion for an Extension of Time and Third Amended Complaint*

In the document filed on September 12, 2007, Teusch requests additional time within which to file a third amended complaint and presented what she claims to be an "incomplete" Third Amended Complaint, which the Court deems to be a motion requesting leave to file a third amended complaint.

 "Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R.

3

Civ. P. 16(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.  In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

Furthermore, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Here, Teusch's request for an extension of time within which to filed a third amended complaint, viewed liberally, is timely, as on August 9, 2007, the Court set the deadline of September 12, 2007, for any amendments to the pleadings by Plaintiffs. (*See* Docket # 76.) Furthermore, Teusch has established good cause for her request for an extension, explaining that her son was recently a victim of an alleged assault and consequently has required increased parenting time during the last three weeks. (*See* Docket # 53.)  Thus, Teusch's request for some extension of time within which to file a third amended complaint is reasonable.[1]

---

[1] Teusch seeks a forty-five day extension (a period longer than the time established on August 9, 2007) without offering a basis for such relief.  Moreover, given the age of the case and the prior amendments that have already occurred, there appears to be no basis for such a lengthy extension. *See generally 1948 South*, 270 F.3d at 1110 ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and

4

Plaintiffs, however, are admonished that the thirty-four page Third Amended Complaint filed on September 12, 2007, which Teusch states is still "incomplete" (Docket # 83), together with its appendix (Docket # 84), is a gross violation of the "short and plain statement" requirement of Federal Rule of Civil Procedure 8.[2]  Consequently, Plaintiffs will be granted a three-week extension within which to file a motion requesting leave to file a third amended complaint, which attaches an amended complaint that is compliant with Rule 8. *See generally* N.D. Ind. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion.").  Upon filing of such motion, the Third Amended Complaint filed by Plaintiffs on September 12, 2007, will be deemed withdrawn.

## *Conclusion*

For the foregoing reasons, Plaintiffs' Motion for Misjoinder and Non-Joinder of Plaintiffs Under Rule 21 (Docket # 52), as supplemented (Docket # 53), is hereby DENIED.

Plaintiffs' Motion for an Extension of Time (Docket # 82) is hereby GRANTED in that Plaintiffs shall have through October 3, 2007, to file a motion requesting leave to file third amended complaint, attaching an amended complaint that is compliant with the requirements of Federal Rule of Civil Procedure 8.   Upon filing of such motion, the Third Amended Complaint filed by Plaintiffs on September 12, 2007 (Docket # 83), will be deemed WITHDRAWN.

---

orderly litigation.").

[2] More specifically, Rule 8 states a pleading shall contain:

> a *short and plain statement* of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement* of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a) (emphasis added).

SO ORDERED.

Entered this 21st day of September, 2007.

                                                          S/ Roger B. Cosbey
                                                          Roger B. Cosbey,
                                                          United States Magistrate Judge