UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL C. LEADBETTER and JoELLEN E. TEUSCH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CAUSE NO. 1:06-CV-285-TS ) |
| CITY OF FORT WAYNE, | ) ) |
| Defendant. | ) |

**OPINION and ORDER**

Before the Court are several motions filed by the Plaintiffs, Michael C. Leadbetter and JoEllen E. Teusch.[1] The motions and filings are: "Motion for Injunction and Request for an Order to Dismiss Criminal Proceedings or Acquire Jurisdiction, as well as Postponement of Warrant Involved of a Small Claims Hearing, and Justified Request for an Order to Seal Records of the Government; Under a Three Judge Court" [DE 106], filed March 3, 2008; "Motion for Sanctions" [DE 107], filed March 25; "Motion for Injunction Under Rule 65" [DE 110], filed July 7; "Motion to Show Cause, Notice of Discrimination, Rebuttal, Truth, and Opinion" [DE 112], filed July 10; "Motion for an Injunction" [DE 113], filed July 3. The Plaintiff also filed "Rule 15 Supplemental [*sic*] Pleadings" [DE 109] on June 16, and "Notice of Further Falsifications of Police" [DE 111] on July 10. The Court is liberally construing those two filings as motions and will address them in this Opinion and Order.

---

[1] These two Plaintiffs have filed several other lawsuits in the Northern District of Indiana. *Teusch et al. v. Indiana*, 1:07-CV-313-RLM, was filed December 10, 2007, and was dismissed at the request of the plaintiffs on March 10, 2008. *Teusch et al. v. Indiana University Purdue University Fort Wayne*, 1:07-CV-218-WCL, was filed December 12, 2007, and was dismissed at the request of the plaintiffs on March 4, 2008. *Teusch et al. v. Attorney General of the United States*, 1:08-CV-002-TLS, was filed on January 3, 2008, and the Court dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on March 28, 2008.

The Court addressed the most recent motion, "Motion for Defendant to Provide Missing Discoveries[;] Notice of Heinous Extenuating Conditions" [DE 114], filed September 26, in another Order [DE 116] on October 7. That Order also addressed the discovery-related issues in the Plaintiff's filing entitled "Rule 15 Supplimental [*sic*] Pleadings" [DE 109].

**BACKGROUND**

The Plaintiffs have filed a Section 1983 lawsuit against the City of Fort Wayne for allegedly violating their Fourth Amendment rights. This case has suffered from problems discerning the Plaintiffs' allegations and claims. (*See* Opinion and Order, May 3, 2007, DE 43; Order Denying in forma pauperis petition, Aug. 22, 2006, DE 17). For example, in that latter Order, the Court noted that the Plaintiffs initiated the case by filing a Complaint and "thirteen motions, bearing such titles as *Res Gestie of illegal business catering and with public dollars, and governmental favoritism of the here said illegal monopoly*, and *Motion for noli me tangere, measures of protection, and emergency moneys*, etc., [that] are filled with complex sentences, large words, and legal jargon, both in English and Latin." (Order, DE 17 at 1.)

On January 14, 2008, the Court reopened discovery. In the months following, the Plaintiff filed motions and other documents regarding a variety of issues but mostly concerning the discovery process and their continuing problems with the Defendant and its various departments and employees. This Opinion and Order addresses the pending motions and sets a deadline for dispositive motions.

**ANALYSIS**

The Court liberally construes the Plaintiffs' *pro se* filings. *Pearle Vision, Inc. v. Romm*, – F.3d –, 2008 WL 4059793 (7th Cir. 2008) ("That courts are required to give liberal construction to *pro se* pleadings is well established."). "However, it is also well established that *pro se* litigants are not excused from compliance with procedural rules." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")). Also, when construing filings, "[c]aptions do not matter; the court must determine the substance of the motion." *United States v. Woods*, 169 F.3d 1077, 1080 (7th Cir. 1999).

**A.     The First Motion**

This motion is entitled "Motion for Injunction and Request for an Order to Dismiss Criminal Proceedings or Acquire Jurisdiction, as well as Postponement of Warrant Involved of a Small Claims Hearing, and Justified Request for an Order to Seal Records of the Government; Under a Three Judge Court" [DE 106]. This Motion addresses a variety of issues. First, it mentions that the Plaintiffs have not received some information in the discovery process. The Plaintiffs filed another motion about discovery on September 26, (*see* "Motion for Defendant to Provide Missing Discoveries[;] Notice of Heinous Extenuating Conditions," DE 114), and the Court has issued an Order [DE 116], dated October 7, instructing the Defendant to address the allegations.

The Motion also mentions a domestic battery case involving the Plaintiffs and a small claims court case. The Plaintiffs ask the Court "to dismiss the now pending domestic battery case." (DE 106 at 8.) The abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), prevents the Court from doing so. "As a general rule, *Younger* abstention requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Village of Depue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008) (internal quotations omitted). "Although originally applied to prevent interference only with criminal proceedings, today *Younger* applies to some civil as well as criminal proceedings." *Id.* Insofar as this Motion asks the Court to dismiss the pending criminal case involving one or more of the Plaintiffs relating to a domestic battery charge, the Motion is denied under *Younger*.

The Motion also contains what appears to be another document entitled "Motion to Strike and Permanently Seal Records" (DE 106 at 9.) This document states that Defendant's police department possesses defamatory records about Plaintiff Leadbetter, and it "demands to strike this and any other documentation held and/or generated by the Fort Wayne Police Department through the present day from this case and all record, damn it; how am I supposed to carry this around now that I know this about me/mine?" (DE 106 at 12.) The motion (before the "verification and signature") ends with this statement: "Come down to Earth now, meet with me and say what you want; I will blow your mind." (DE 106 at 16.) The Court construes this as a request for the Court to issue a preliminary injunction under Rule 65(a) ordering the Defendant to destroy all records regarding the Plaintiff, particularly those records relating to the domestic battery case.

4

The Seventh Circuit has explained:

> To win a preliminary injunction, a party must show that it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest. If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis, which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied.

*Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006) (citations omitted). The Plaintiffs have not explained at all how they are reasonably likely to succeed on the merits, or how the harm they are suffering outweighs any harm the Defendant will suffer if the injunction is granted. The Plaintiffs also did not explain how there is no adequate remedy at law, or how an injunction would not harm the public interest. Also, the Plaintiffs do not explain how the Defendant can both comply with the discovery process by turning over the documents while at the same time destroy the documents as the Plaintiffs request. Because the Plaintiffs do not meet the threshold burden, the Court need not weigh the factors against one another. *See id.* ("*If* the moving party meets this threshold burden, the district court weights the factors." (emphasis added)); *see also Vencor, Inc. v. Webb*, 33 F3d 840, 846 n.4 (7th Cir. 1994) ("Since [the plaintiff] has failed to satisfy the threshold requirement of showing a likelihood of succeeding on the merits, our inquiry need go no further."). Therefore, insofar as this Motion seeks a preliminary injunction, it will be denied.

## B.     "Motion for Sanctions" [DE 107]

This Motion states that the Defendant has provided "late, incomplete, and disconformative [*sic*]" discovery information in violation of several Federal Rules of Civil Procedure. (DE 107 at 1.) It also states that the Defendant's action has caused the Plaintiffs financial problems, and that the Defendant has not answered the Second Amended Complaint [DE 20] completely or complied with deadlines in violation of the Federal Rules of Civil Procedure. (DE 107 at 1.) The Motion asks that the Court require the Defendant to pay the Plaintiffs $10,000 in sanctions.

The Federal Rules of Civil Procedure provide that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). However, Rule 37 indicates that the aggrieved party must first "move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Prior to filing this Motion for Sanctions [DE 107], the Plaintiffs did not file a motion for an order compelling the Defendant to disclose information or provide discovery. Also, the Plaintiffs provided no specific information about what the Defendant purportedly has withheld or belatedly provided. Without an explanation with some specifics about the Defendant's discovery conduct (or the Defendant's allegedly incomplete answer), the Court cannot evaluate the Motion for Sanctions [DE 107]. Likewise, without any specific information about how the Defendant's Answer is deficient, the Court cannot evaluate that aspect of the Motion [DE 107]. Therefore, it will be denied.

**C.      The Filing Entitled "Rule 15 Supplimental [*sic*] Pleadings" [DE 109]**

In this Motion, the Plaintiffs raise a variety of issues. They also provide two specific discovery complaints. They allege that the Defendant withheld a report by a parking control officer and documents regarding ticketing of abandoned vehicles. (DE 109 at 4.) This discovery issue is the subject of an October 7 Order [DE 116]. They also complain of being unable to obtain a transcript of Court proceedings, apparently referring to the January 14, 2008, telephone status conference [DE 101], because it "leav[es] us without the right to have the witnesses and circumstances against us." (DE 109 at 5). The Court only discussed scheduling and procedural matters at that conference; no witnesses participated and the merits of the case were not discussed. The Plaintiffs have not suffered any prejudice by not obtaining the transcript. Also, the Court is in receipt of a copy of a letter from the court reporter to the Plaintiffs stating that the requested transcript is complete and available after the Plaintiffs pay the cost. The letter also states that the court reporter contacted the Plaintiffs about this previously but did not receive a response. The Plaintiffs state that they have trouble understanding the legal process and procedures as well as the Federal Rules of Civil Procedure, and they are unsure of how to proceed in the case. The Plaintiffs also complain of "the pronounced gender bias and obsolete terminology in the Constitution of the United States, Indiana's State statutory laws, and certain state and federal code laws as well." (DE 109 at 6.) The Plaintiffs then request additional damages totaling $450,000, ask the Court to order the Defendant to seal or destroy records regarding Plaintiff Leadbetter, and "[p]erhaps amend the Constitution and all state codes and laws, of all of the gender bias and obsolete words and the discrimination against the women and others." (DE 109 at 7.)

There is no relief to be had for these issues by this Court. As for the Plaintiffs' confusion, the Court can only recommend that the Plaintiffs try to familiarize themselves with the statutes and rules cited by the Court. These statutes and rules are available on the Internet.[2] The Plaintiffs are free to represent themselves and are held to the same standards as counsel and represented litigants (albeit with the benefit of liberally construed pleadings). "Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). This Opinion and Order, which sets dispositive deadlines, should alleviate some of the Plaintiffs' confusion about how to proceed in the case.

The Plaintiffs' request that the Court order that the Constitution and federal and state law be amended in order to eliminate perceived gender bias is frivolous. Their request is denied. A court does not legislate changes to the Constitution and statutes. The request for the Court to order that records concerning Plaintiff Leadbetter be sealed or destroyed is construed as a request for a preliminary injunction, as it was in Part B., *supra*. It is denied for the same reasons as the request was denied in Part B., *supra*.

**D.  Motion for Injunction under Rule 65 [DE 110]**

This Motion raises concern about an apparently ongoing investigation and prosecution of Plaintiff Leadbetter for domestic battery. It also mentions actions by employees of the Defendant

---

[2] The Local Rules of the Northern District are available at http://www.innd.uscourts.gov/docs/localrules/lr.pdf. Convenient sources for the U.S. Code and Federal Rules of Civil Procedure are http://www4.law.cornell.edu/uscode/ and http://www.law.cornell.edu/rules/frcp/, respectively.

against the Plaintiffs, such as alleged falsification of reports, and a "child protective services investigation." (DE 110 at 12.) The Court construes this document as a motion for a preliminary injunction under Rule 65, asking the Court to enjoin the Defendant from proceeding with the domestic battery case, possessing false reports about the Plaintiffs, or conducing a child protective services investigation in relation to the Plaintiffs.

This Motion suffers from the same problem as the first motion [DE 106] addressed in this Opinion. The Plaintiffs have not explained how they are reasonably likely to succeed on the merits, or how the harm they are suffering outweighs any harm the Defendant will suffer if the injunction is granted. *Christian Legal Soc'y v. Walker*, 453 F.3d at 859. The Plaintiffs also did not explain how there is no adequate remedy at law, or how an injunction would not harm the public interest. *See id.*

There is another reason to deny this motion: abstention grounds. As the Court explained in Part A., *infra*, in connection with the first Motion [DE 106], it cannot enjoin an ongoing state criminal proceeding because of the *Younger* doctrine. See *Younger v. Harris*, 401 U.S. 37 (1971); *Vill. of Depue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). The *Younger* doctrine also prevents the Court from considering arguments regarding the child protective services investigation. *See Moore v. Sims*, 442 U.S. 415 (1979) (extending the *Younger* doctrine to include the removal of child custody cases). For these reasons, this Motion [DE 110] is denied.

E.  **"Notice of Further Falsifications of Police" [DE 111]**

This filing claims that a Fort Wayne police officer knowingly omitted important facts from a report about a December 2006 incident. This is not a complaint about the discovery process because the Plaintiffs do not claim that the Defendant is withholding information, and the filing does not ask for any relief. Also, it is not clear how the information in this filing or the police report are related to this case. Even applying a liberal standard, the Court cannot construe this filing as making any request or asking for any relief. Therefore, it will be stricken for not being in the proper form of a motion. Fed. R. Civ. P. 7(b)(1)(B), (C).

F.  **"Motion to Show Cause, Notice of Discrimination, Rebuttal, Truth, and Opinion" [DE 112]**

This document expresses Plaintiff Leadbetter's displeasure with police reports (which he received during discovery) alleging he suffers from mental illness. Plaintiff Leadbetter does not agree that he is mentally ill, but qualifies the statement by noting:

> As a matter of fact, the only time that I was ever mentally ill, was because one of these quack so called psychiatric professionals had made some determination to justify their fees, and subjected me to a regiment of strange psychotropic medication which, clearly deranged my mind and changed my general character in detrimental manners for the short period of less than one month at this and any other period of experimentation in which I entertained their suggestions; and on one occasion in my adult life, an extended period after I quickly discontinued the so called medicine because of the mental derangement that it caused in my mind; causing me to hurt people that I loved at that period in my early adult life, inducing violence and physiological abnormalities as a result of this unlawful occupation's afflictions.

(DE 112 at 3.) He goes on to refer to books about mental illness as "shamanistic practices [that] are derivative of the history of spirituality and the theological practices of speculators on humanity." (*Id.* at 4.) Even construing this and the remainder of the motion liberally, the

Plaintiffs do not make any request. Despite the use of the phrase "show cause" in the caption of the Motion, there is no discussion of or reference to sanctions the Plaintiffs wish imposed upon the Defendants. The Plaintiffs' objection to the Defendant's records about them may be relevant in deciding the merits of the case and any dispositive motions, but this Motion does not require any action by the Court. Therefore, this Motion [DE 112] will be denied.

### G. Motion for an Injunction [DE 113]

This Motion objects to the alleged actions of Fort Wayne's Department of City Utilities, which "has been harassing our family with unreasonable and cruel practices involving the attachment of increased fees for near disconnection of $20 on several occasions over the past months of this year." (DE 113 at 1.) The Plaintiffs state that "[w]ater is not only an essential constituent of homeostasis, but is also a clear right of the people to have access to regardless of their economic status." (*Id.*) He alleges the cut off was done "without any real or due process." (*Id.* at 2.)

He asks the Court: to issue a stay preventing water service from being cut off for the Plaintiffs, to order the Defendant City of Fort Wayne to copy an itemized accounting of the Plaintiffs' account; to issue a stay forbidding the Defendant from disconnection "any person's water"; to order the defendant to refund to the Plaintiffs "sums to determined to be excessive or unconstitutional,"; and to award the Plaintiffs compensatory and other damages as well as legal fees. (*Id.* at 4.)

The Court construes this as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65. However, this motion has some of the same problems as the other requests

for injunctive relief discussed in this Opinion. While the motion can be construed to address the irreparable harm the Plaintiffs are suffering and how it outweighs any harm to the Defendant if the motion were to be granted, there is no discussion about how the Plaintiffs are reasonably likely to succeed on the merits. *See Christian Legal Soc'y*, 453 F.3d at 859. Specifically, there is no citation to legal authority that supports the Plaintiffs' request, and no supporting documentation is attached to verify their factual assertions. The Plaintiffs also do not address whether there is an adequate remedy at law. *Id.* Because the Plaintiff does not meet the threshold burden for a preliminary injunction, the Court does not need to consider the matter any further. *See id.* ("*If* the moving marty meets this threshold burden, the district court weights the factors." (emphasis added)); *see also Vencor, Inc. v. Webb*, 33 F3d 840, 846 n.4 (7th Cir. 1994) ("Since [the plaintiff] has failed to satisfy the threshold requirement of showing a likelihood of succeeding on the merits, our inquiry need go no further."). For these reasons, the Motion is denied.

### H. Schedule for Dispositive Motions

The Court sets the following schedule for the parties to file dispositive motions: The parties have until November 21, 2008, to file any dispositive motions. A Response by the non-moving party is due December 22, 2008. A Reply by the moving party is due January 9, 2009.[3] The parties are reminded to comply with the Local Rules, especially Local Rule 56.1 and subsection (e) if summary judgment is requested.

---

[3] The Reply date provides for a longer-than-normal time due to the holidays of Christmas and New Year's Day.

**CONCLUSION**

For the foregoing reasons, the following Motions (or filings construed as Motions) are DENIED: "Motion for Injunction and Request for an Order to Dismiss Criminal Proceedings or Acquire Jurisdiction, as well as Postponement of Warrant Involved of a Small Claims Hearing, and Justified Request for an Order to Seal Records of the Government; Under a Three Judge Court" [DE 106]; "Motion for Sanctions" [DE 107]; "Motion for Injunction Under Rule 65" [DE 110]; "Motion to Show Cause, Notice of Discrimination, Rebuttal, Truth, and Opinion" [DE 112]; and "Motion for an Injunction" [DE 113]. The filing entitled "Notice of Further Falsifications of Police" [DE 111] is STRICKEN. The filing entitled "Rule 15 Supplemental [*sic*] Pleadings" [DE 109] is GRANTED IN PART and DENIED IN PART, insofar as the relief sought for discovery-related issues addressed in the Court's separate Order [DE 116] of October 7, 2008, was granted, while in all other respects the motion is denied. The parties are to comply with the dispositive motions deadline in this Opinion and Order.

So ORDERED on October 20, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT