UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

VACATED PURSUANT TO 11/20/08 ORDER, SEE DE 124.

| | |
|---|---|
| MICHAEL C. LEADBETTER and JoELLEN E. TEUSCH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF FORT WAYNE, )<br>)<br>Defendant. ) | CAUSE NO. 1:06-CV-285-TS |

**OPINION and ORDER**

Before the Court is the *pro se* Plaintiffs' Motion for an Extension of Time [DE 121], filed on November 17, 2008. The Plaintiffs ask the Court for a three-month extension "to amend, release, form, document, and record the conditions that take precedent in and over our causes, for which will respectfully reduce the entirety of all issues before this court to none further than one third of the current record and claims in totality, in every single aspect thereof." (Pls. Mot. 4–5.) The Court in several previous Orders and Opinions set a deadline for dispositive motions of November 21, 2008, with a response deadline of December 22, and a reply deadline of January 9, 2009. The Court construes the Plaintiffs' Motion as a request to continue the dispositive motion deadline for three months.

The grounds for the Plaintiffs' request are not clear. On the one hand, they indicate that they have been unable to obtain information they need to carry out their case: "The circumstances for our injunctive requests involve our inability to acquire the evidentiary materials in support of our critical requests by not only official but unofficial participants . . . ." (Pls. Mot. 2.) On the other hand, the Plaintiffs acknowledge receiving discovery information from the Defendant. "We specify also that in our research of the defendant's discovery . . . " (*Id.*

at 1.) "[A]s we processed the records of the defendant's discovery . . . ." (*Id.* at 2.) "The defendant's discovery that was supplied to us in this cause has revealed the conditions of monumental transgressions of an organized and extensively operating evil." (*Id.* at 3.)

The Plaintiffs also state that they have "endured the afflictions of certain physical illnesses and injuries that had profoundly debilitating results both mentally and physically over the course of 2008, which have severely interfered with our ability to properly conduct our obligations in this court in the support of our causes." (*Id.* at 5.) The Plaintiffs state that these problems resulted "in hospitalizations, financial burdens, and technical barriers." (*Id.*)

The Defendant provided discovery information to the Plaintiffs in July or August of 2008, giving the Plaintiffs several months to evaluate the information. (*See* DE 117, 118; Court's Oct. 31, 2008, Opinion and Order, DE 120.) And the Court has previously concluded that the Defendants have received all the discovery-related information to which they are entitled. (Court's Oct. 31, 2008, Opinion and Order, DE 120.) The November 21, 2008, deadline for filing dispositive motions was generous enough to give the Plaintiffs time to review the information in advance of filing or responding to any dispositive motions.

The Plaintiffs have failed to articulate specifically what information they are missing and how three more months would enable them to obtain what they need or review what they have. For instance, the Plaintiffs have not explained what material they have reviewed, how much of the total they have reviewed, and how much more material there is to review or obtain. The Plaintiffs also failed to provide specific information about the "illnesses and injuries" that have allegedly prevented them from participating in the case. For instance, the Plaintiffs did not explain what the specific illnesses or injuries were, what treatment was required, the length of

time of such treatment, what financial cost resulted, and how that has affected their participation in this case.

Without more specific information, the Court finds that there is no basis to grant the continuance, especially in light of the protracted history of litigation in this case (*e.g.*, reopening discovery on January 14, 2008, (*see* DE 101)) and the sufficient time the Plaintiffs have already had to review the discovery information.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for an Extension of Time [DE 121] is DENIED. The Court REAFFIRMS the dispositive motion deadline: The parties have until November 21, 2008, to file any dispositive motions. A Response by the non-moving party is due on December 22, 2008. A Reply by the moving party is due on January 9, 2009.

So ORDERED on November 19, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT